## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    **PLAINTIFF**

V.                          **CASE NO. 2:11-CR-20016-002**

JESUS LARA                                                  **DEFENDANT**

### OPINION AND ORDER

Currently before the Court are Defendant Jesus Lara's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("USSG") Amendments 782 and 788 (Doc. 74),[1] an addendum to Mr. Lara's Presentence Investigation Report ("PSR") prepared by the United States Probation Office (Doc. 75), and the Government's Response in Opposition to Mr. Lara's Motion (Doc. 76). For the reasons set forth below, the Court finds that Mr. Lara's Motion should be **GRANTED**.

On February 24, 2011, Mr. Lara was charged in two counts of a five-count indictment with one count of conspiracy to distribute more than 50 grams of methamphetamine and one count of aiding and abetting in distributing a mixture containing more than 5 grams of actual methamphetamine. On May 24, 2011, Mr. Lara entered a guilty plea to the distribution count, which carried a mandatory minimum term of imprisonment of 5 years and resulted in a guideline sentencing range of 140-175

_____

[1] Mr. Lara also filed a *pro se* Motion to Reduce Sentence (Doc. 73) on June 25, 2015, after counsel was appointed to represent him on this matter. "A district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). Mr. Lara's *pro se* Motion is therefore **DENIED**. In the following Order, the Court has considered only the Motion filed by Mr. Lara's counsel.

months.  He was sentenced to 130 months imprisonment, but his conviction was vacated on appeal, and he was resentenced before a different judge.

During resentencing on November 5, 2012, the Court failed to inform him of his appeal rights, so Mr. Lara appeared again on November 7, 2012, solely to be advised of those rights.  Ultimately, the Court determined that Mr. Lara's base offense level was 28, due to his possession of at least 20 grams but not more than 35 grams of methamphetamine.  He received a two-level increase for possessing a dangerous weapon, and he received a three-level reduction for acceptance of responsibility.  His total offense level was therefore calculated at a level 27.  With a criminal history score of V, his sentencing guideline range was 120-150 months.  The Court imposed a sentence at the bottom of the range of 120 months, as well as a fine of $10,000.00 and a special assessment of $100.00.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010).  First, the Court must determine that a reduction is consistent with the USSG. *Id.*  Then, the Court "may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*

Beginning with the first step of the inquiry, the Court agrees with the parties that Amendment 782 of the USSG applies to Mr. Lara's case. This would result in a reduction of Mr. Lara's total offense level from a 27 to a 25, and a new guideline sentencing range of 100 to 125 months. A sentence at the bottom of this range would be 100 months. Accordingly, the Court proceeds to the second step of the inquiry: determining whether a reduction is warranted in light of the § 3553(a) factors. In considering whether or to what extent a reduction is warranted, the Court must analyze "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." USSG § 1B1.10 cmt. n.1(B)(ii). In so doing, "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." USSG § 1B1.10 cmt. n.1(B)(iii).

In Mr. Lara's case, the Government argues that no reduction in sentence is warranted due to the serious disciplinary infractions he committed while incarcerated, including a violation on July 25, 2013, for possessing a dangerous weapon in his locker, and a violation on August 22, 2014, for possessing drugs or alcohol. For the violation involving the weapon, Mr. Lara received the following discipline: (1) loss of 41 days of good time credit, (2) loss of emailing privileges for one year, and (3) loss of visits with persons who are not immediate family members for one year. For the violation involving the possession of drugs or alcohol, Mr. Lara received the following discipline: (1) 30 days of disciplinary segregation, (2) loss of 40 days of good time credit, and (3) loss of six months privileges for commissary, emailing, and visitation.

Although Mr. Lara completed a drug education program in prison in 2013 and a six-month nonresidential drug program on May 6, 2014, the Court notes that he committed his drug/alcohol infraction in August of 2014, *after* he completed the two prison-sponsored drug rehabilitation programs. Obviously, this fact calls into question whether Mr. Lara "successfully" completed either drug program. The Court is similarly concerned that Mr. Lara's weapons infraction indicates that he may not be committed to rehabilitating himself while in prison. If he fails to do this, the likelihood of recidivism is high, and the danger he would pose to the public upon his release would be substantial.

Despite the Court's reservations outlined above, it appears Mr. Lara was severely disciplined for both of the violations he committed in 2013 and 2014. He has not committed another infraction since then. Even if his sentence were reduced to 100 months, this is still a substantial term of imprisonment, and Mr. Lara would still face several years of imprisonment prior to his release. Further, the Court is impressed by the fact that Mr. Lara paid his substantial financial obligation in full, has been employed doing yard detail while incarcerated, and has recently taken advantage of many vocational and continuing education opportunities offered through the Bureau of Prisons, having earned 150 hours of adult-education credits thus far. Under these circumstances, the Court concludes that the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public, as well as the need to avoid unwarranted sentencing disparities, weigh in favor of granting the reduction.

**IT IS THEREFORE ORDERED** that Defendant Jesus Lara's Motion to Reduce Sentence (Doc. 74) is **GRANTED**. Upon application of Amendment 782, Mr. Lara has a

total offense level of 25 and a criminal history category of V, resulting in an advisory guidelines range of 100 to 125 months.  By separate order, the Court will impose a sentence of 100 months for the offense of conviction.

IT IS SO ORDERED on this ___16th___ day of November, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE